David Boyer, OSB # 235450  
Meghan E. Apshaga, OSB #232137  
Disability Rights Oregon  
511 SW 10th Ave., Suite 200  
Portland, OR 97205-2748  
dboyer@droregon.org  
mapshaga@droregon.org  
(503) 243-2081 ext. 301  

Julian Clark  
Jenn Rolnick Borchetta  
American Civil Liberties Union Foundation, Inc.  
125 Broad Street, 17th Floor  
New York, NY 10004-2400  
jclark@aclu.org  
jborchetta@aclu.org  
(929) 969-4365  

Brian Dimmick  
Westley Resendes  
American Civil Liberties Union Foundation, Inc.  
915 15th Street NW  
Washington, DC 20005-2302  
bdimmick@aclu.org  
wresendes@aclu.org  
(202) 638-2210  

Wilson Baker  
American Civil Liberties Union Foundation, Inc.  
425 California Street  
San Francisco, CA 94104-2102  
wbaker@aclu.org  
(415) 570-8011  

Kelly Simon, OSB #154213  
American Civil Liberties Union Foundation of Oregon, Inc.  
PO Box 40585  
Portland, OR 97240-0585  
ksimon@aclu-or.org  
(503) 227-3186  

Daniel L. Brown*  
Laura L. Chapman  
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP  
30 Rockefeller Plaza  
New York, NY 10112-0015  
Four Embarcadero Center, 17th Floor  
San Francisco, California 94111-4109  
dbrown@sheppardmullin.com  
lchapman@sheppardmullin.com  
NY Telephone: (212) 634-3095  
SF Telephone: (415) 434-9100  

Attorneys for Plaintiffs  

*pro hac vice application forthcoming*

1 – Plaintiffs' Unopposed Motion for Extension of Time to Respond to Defendants' Pending and Forthcoming Motions to Dismiss and Request for Enlargement of Word Count and Page Length

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DISABILITY RIGHTS OREGON, on behalf of its clients and constituents, and JOSHUA WESLEY,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>WASHINGTON COUNTY, a political subdivision of the State of Oregon; and the WASHINGTON COUNTY CONSOLIDATED COMMUNICATIONS AGENCY, an intergovernmental entity in the State of Oregon,<br><br>　　　　　　　　Defendants. | Case No. 3:24-cv-00235-SB<br><br>PLAINTIFFS' UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' PENDING AND FORTHCOMING MOTIONS TO DISMISS AND REQUEST FOR ENLARGEMENT OF WORD COUNT AND PAGE LENGTH |

**LOCAL RULE 7-1 CERTIFICATION**

Counsel for Plaintiffs Disability Rights Oregon and Joshua Wesley certify that Plaintiffs' counsel conferred in good faith with counsel for Defendants Washington County ("Defendant County") and Washington County Consolidated Communications Agency ("Defendant WCCCA") about this motion, and the Defendants do not oppose this motion.

**MOTION FOR EXTENSION OF TIME AND ENGLAREMENT OF WORD COUNT AND PAGE LENGTH**

Plaintiffs respectfully request that Plaintiffs be permitted to file one consolidated opposition to the motions by Defendant County (ECF 20), and the forthcoming motion(s) by

Defendant WCCCA.[1] Further, Plaintiffs move this Court, pursuant to Federal Rule of Civil Procedure 6(b), to extend Plaintiffs' deadline to file its consolidated opposition to Defendants' motions to May 17, 2024. Lastly, Plaintiffs request an enlargement of the word count to an additional 1,250 words (total of 12,500 words), or in the alternative five additional pages (total of 40 pages).

On April 1, 2024, Defendant Washington County filed a 32-page memorandum bringing dispositive motions under Rule 12 seeking to (a) dismiss in their entirety Plaintiffs' claims for violations of the Americans with Disabilities Act and violations of the Rehabilitation Act—which are the core of Plaintiffs' complaint—on four separate grounds, (b) strike 39 paragraphs of allegations in Plaintiffs' complaint, and (c) make more definite and certain four paragraphs in Plaintiffs' complaint. The current deadline for Plaintiffs to respond to Defendant County's motions is April 15, 2024.

Due to the complexity and scope of Defendant County's motions and issues presented in the litigation, Plaintiffs require additional time to respond to each of the arguments Defendant County made in its motion to dismiss, motion to strike, and motion to make more definite and certain.

Additionally, Co-Defendant WCCCA's deadline to file a motion to dismiss in this case is April 19, 2024. As explained, it is anticipated that WCCCA will file such a motion, and therefore, Plaintiffs' response to a second motion to dismiss would be due on or about May 3, 2024.

---

[1] On March 29, 2024, counsel for all parties conferred to discuss Defendant County's motion to dismiss. During this meeting, counsel for Defendant WCCCA informed Plaintiffs' counsel that WCCCA would be seeking an extension of time to respond to Plaintiffs' complaint and that WCCCA's forthcoming response would be a motion to dismiss.

Plaintiffs anticipate that many of the issues presented by Defendant WCCCA's forthcoming motion to dismiss will be similar to the issues presented in Defendant County's pending motions. Therefore, Plaintiffs seek to file a single, combined opposition to both Defendants' motions with a deadline of May 17, 2024.

Relatedly, Plaintiffs request an enlargement of the word and page count to an additional 1,250 words (total of 12,500 words) or in the alternative 40 pages, in order to have one consolidated motion and memorandum of law in response to Defendants' pending and forthcoming motions.

This motion is being made in good faith and not for purpose of delay, and no party will be prejudiced by this request.

**MEMORANDUM OF LAW**

"When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed R Civ P 6(b)(1)(A). "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian v. Xenon Pictures, Inc.*, 624 F 3d 1253, 1259 (9th Cir 2010). "[R]equests for extensions of time made before the applicable deadline has passed should normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Id.* (internal quotation marks and citation omitted). Additionally, the court may grant approval, upon request by a party prior to filing, to allow a memorandum in response to a non-discovery motion to exceed 11,000 words, or in the alternative, 35 pages. LR 7-2(b)(1).

Here, good cause exists for the requested extension of time and word count or page length because this case presents complex issues involving the intersection of disability rights

and local emergency response, county policies and local government law, and intergovernmental agreements and practices, which combined have, as Plaintiffs allege in the complaint, implicated the civil rights and public services provided to hundreds of people living with disabilities in Washington County. Defendant County's motion challenges the merits of Plaintiffs' core claims on multiple bases, and seeks to strike or make more definite and certain 43 separate paragraphs in the complaint. Plaintiffs anticipate the issues presented by Defendant WCCCA's forthcoming motion(s) will be similar to the issues presented in Defendant County's pending motions. The time and space Plaintiffs request will allow Plaintiffs to adequately address both Defendants' arguments on the merits within a reasonable time and page length.

By granting Plaintiffs' instant motion for extension of time to respond to Defendant County's pending motions and Defendant WCCCA's forthcoming motion(s) to May 17, 2024, the Court will be providing the parties a way to align the dispositive motion briefing schedule for all parties and conserve resources by encouraging efficiencies in briefing. Extending the deadline will also allow Plaintiffs the time and page length necessary to adequately brief the complex issues presented in the current and anticipated dispositive motions in this case.

This is Plaintiffs' first request for an extension of time to file a response to Defendants' dispositive motions and first request for an expansion of word count and page length. This motion is made in good faith and not for purposes of delay. There is no indication that an extension of time would prejudice Defendants, and Defendants do not oppose this motion. Plaintiffs' requested extension of time is reasonable, justified, and would not result in prejudice to any party.

## CONCLUSION

Therefore, Plaintiffs respectfully request the Court grant this motion and issue an order extending the deadline for them to respond to Defendants' pending and forthcoming motions to May 17, 2024, and enlarging the word count and page length allowed for Plaintiffs' consolidated response brief to a total of 12,500 words or in the alternative 40 pages.

Dated: April 12, 2024

Respectfully submitted,

/s/ Julian Clark

Julian Clark
Jenn Rolnick Borchetta
American Civil Liberties Union
Foundation, Inc.
125 Broad Street, 17th Floor
New York, NY 10004-2400
jclark@aclu.org
jborchetta@aclu.org
(929) 969-4365

Kelly Simon, OSB #154213
American Civil Liberties Union
Foundation of Oregon, Inc.
PO Box 40585
Portland, OR 97240-0585
ksimon@aclu-or.org
(503) 227-3186

David Boyer, OSB # 235450
Meghan E. Apshaga, OSB #232137
Disability Rights Oregon
511 SW 10th Ave., Suite 200
Portland, OR 97205-2748
dboyer@droregon.org
mapshaga@droregon.org
(503) 243-2081 ext. 301

Brian Dimmick
Westley Resendes

American Civil Liberties Union
Foundation, Inc.
915 15th Street NW
Washington, DC 20005-2302
bdimmick@aclu.org
wresendes@aclu.org
(202) 638-2210

Wilson Baker*
American Civil Liberties Union
Foundation, Inc.
425 California Street
San Francisco, CA 94104-2102
wbaker@aclu.org
(415) 570-8011

Daniel L. Brown*
Laura L. Chapman
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
30 Rockefeller Plaza
New York, NY 10112-0015
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
dbrown@sheppardmullin.com
lchapman@sheppardmullin.com
NY Telephone: (212) 634-3095
SF Telephone: (415) 434-9100

Attorneys for Plaintiffs

*pro hac vice application forthcoming

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of April, 2024, I served the foregoing Plaintiffs' Unopposed Motion for Extension of Time to Respond to Defendants' Pending and Forthcoming Motions to Dismiss and Request for Enlargement of Word Count and Page Length on the parties below by electronic means through the Court's Case Management/Electronic Case File system.

Heather Van Meter
Liani Reeves
Ivan Resendiz
Miller Nash LLP
500 E Broadway Ste 400
Vancouver WA 98660
    *Attorneys for Co-Defendant WCCCA*

Karen O'Kasey
Ruth A. Casby
Zachariah H. Allen
Hart Wagner LLP
1000 SW Broadway, 20th Floor
Portland, OR 97205
    *Attorneys for Co-Defendant Washington*
    *County*

                                              /s/ Julian Clark
                                              Julian Clark