Julian Clark
Jenn Rolnick Borchetta
American Civil Liberties Union
Foundation, Inc.
125 Broad Street, 17th Floor
New York, NY 10004-2400
jclark@aclu.org
jborchetta@aclu.org
(929) 969-4365

David Boyer, OSB # 235450
Meghan E. Apshaga, OSB #232137
Disability Rights Oregon
511 SW 10th Ave., Suite 200
Portland, OR 97205-2748
dboyer@droregon.org
mapshaga@droregon.org
(503) 243-2081 ext. 301

Brian Dimmick
Westley Resendes
American Civil Liberties Union
Foundation, Inc.
915 15th Street NW
Washington, DC 20005-2302
bdimmick@aclu.org
wresendes@aclu.org
(202) 638-2210

Wilson Baker
American Civil Liberties Union
Foundation, Inc.
425 California Street
San Francisco, CA 94104-2102
wbaker@aclu.org
(415) 570-8011

Kelly Simon, OSB #154213
American Civil Liberties Union
Foundation of Oregon, Inc.
PO Box 40585
Portland, OR 97240-0585
ksimon@aclu-or.org
(503) 227-3186

Daniel L. Brown
Laura L. Chapman
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
30 Rockefeller Plaza
New York, NY 10112-0015
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
dbrown@sheppardmullin.com
lchapman@sheppardmullin.com
NY Telephone: (212) 634-3095
SF Telephone: (415) 434-9100

*Attorneys for Plaintiffs*

Karen O'Kasey
Ruth A. Casby
Zachariah H. Allen
Hart Wagner LLP
1000 SW Broadway, 20th Floor
Portland, OR 97205

*Attorneys for Co-Defendant
Washington County*

Heather Van Meter
Iván Resendiz Gutierrez
Miller Nash LLP
1140 SW Washington St, Ste 700
Portland, OR 97205

*Attorneys for Co-Defendant Washington
County Consolidated Communications Agency*

UNITED STATES DISTRICT

COURT DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DISABILITY RIGHTS OREGON, on behalf of its clients and constituents, and JOSHUA WESLEY,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>WASHINGTON COUNTY, a political subdivision of the State of Oregon; and the WASHINGTON COUNTY CONSOLIDATED COMMUNICATIONS AGENCY, an intergovernmental entity in the State of Oregon,<br><br>　　　　　　Defendants. | Case No. 3:24-cv-00235-SB<br><br>RULE 26(F) JOINT REPORT AND PROPOSED DISCOVERY PLAN |

**RULE 26(f) JOINT REPORT AND PROPOSED DISCOVERY PLAN**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26-1(1), the parties to this case, by and through their respective counsel, jointly submit this Rule 26(f) Report and Proposed Discovery Plan.

### I.　**Rule 26(f) Conference**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26-1(1), the parties conferred on June 20, 2024, which was attended by the following attorneys:

1 – Rule 26(f) Joint Report and Proposed Discovery Plan

Julian Clark
American Civil Liberties Union
Foundation, Inc.
125 Broad Street, 17th Floor
New York, NY 10004-2400
jclark@aclu.org
(929) 969-4365

Brian Dimmick
American Civil Liberties Union
Foundation, Inc.
915 15th Street NW
Washington, DC 20005-2302
bdimmick@aclu.org
(202) 638-2210

David Boyer, OSB # 235450
Disability Rights Oregon
511 SW 10th Ave., Suite 200
Portland, OR 97205-2748
dboyer@droregon.org

(503) 243-2081 ext. 301

*Attorneys for Plaintiffs*

Karen O'Kasey
Hart Wagner LLP
1000 SW Broadway, 20th Floor
Portland, OR 97205

*Attorney for Co-Defendant Washington County*

Iván Resendiz Gutierrez
Miller Nash LLP
1140 SW Washington St, Ste 700
Portland, OR 97205

*Attorney for Co-Defendant Washington County Consolidated Communications Agency*

## II. Nature of Discovery and Timeline for Discovery and Pretrial Motions

The parties attempted in good faith to agree on a proposed timeline for making initial disclosures and opening fact discovery but were unable to reach an agreement. The parties offer their respective proposals below.

### a. Rule 26(a) Disclosures and Opening of Discovery (FRCP 26(f)(3)(A))

**Plaintiffs' Proposal:** Plaintiffs respectfully request the Court order the parties to exchange initial disclosures by July 26, 2024. Although Plaintiffs are willing and able to make their initial disclosures by July 4, 2024—as required by Rule 26(a)(1)(C)—Plaintiffs propose initial disclosures be exchanged by July 26, 2024. This reasonable date affords the parties sufficient time to do their due diligence, prevents any burden that may be imposed on the parties by meeting a deadline that falls on a holiday, and avoids prejudicing Plaintiffs by staying all discovery until

after this Court's decision on Defendants' pending motions to dismiss. Fact discovery shall commence on July 26, 2024.

**Defendants' Proposal:** Defendants respectfully request that the Court order the parties to exchange initial disclosures within 30 calendar days of this Court's decision on Defendants' motions to dismiss, ECF Nos. 21 and 25 (the "Motions to Dismiss"), if necessary. Oral argument on the Motions to Dismiss is currently scheduled for Thursday, August 29, 2024. This reasonable date affords the parties sufficient time to conduct discovery and avoids prejudicing Defendants with the burden of anticipated heavy discovery and prevents the unnecessary expenditure of judicial and public resources pending the Court's decision on the Motions to Dismiss. *See* LR 26. Fact discovery shall commence within 14 calendar days of this Court's decision on the Motions to Dismiss, if necessary.

### b. Anticipated Scope of Discovery (FRCP 26(f)(3)(B))

In accordance with Federal Rule 26(f)(3)(B), the parties agree that discovery will be conducted on the allegations and claims contained within Plaintiffs' Complaint and the denials and defenses raised in Defendants' Answers. The parties will conduct discovery in phases, and expert discovery is expected.

The parties intend to conduct written discovery, including interrogatories, requests for production, and requests for admissions as authorized by the Federal Rules. The parties also intend to conduct depositions.

<u>Anticipated Scope of Plaintiffs' Discovery:</u>

Plaintiffs currently intend to take written discovery, including interrogatories, requests for production of documents, and requests for admission, relevant to the factual basis for the allegations and legal theories in the Complaint. Plaintiffs intend to conduct depositions, including

pursuant to Federal Rule of Civil Procedure 30(b)(6), and depositions of various third parties, including lay witnesses and any expert witness(es) that may be designated by Defendants.

<u>Anticipated Scope of Defendants' Discovery</u>:

If this Court does not dismiss Defendants from this lawsuit, then Defendants intend to take discovery in accordance with the Federal Rules of Civil Procedure and Local Rules, including without limitation requests for production of documents, requests for admission, and interrogatories relevant to the factual basis for the allegations and legal theories in the pleadings. Defendants also intend to conduct depositions, including without limitation depositions under Rule 30(b)(6) of the Federal Rules of Civil Procedure, and depositions of Plaintiffs, agents of the other Co-Defendant, and various third parties, including without limitation lay witnesses and any expert witness(s) that may be designated by Plaintiffs or the other Co-Defendant.

### c. Electronically Stored Information (FRCP 26(f)(3)(C))

In accordance with Federal Rule 26(f)(3)(C), the parties have discussed electronically stored information. As guiding principles, the parties agree to meet and confer in good faith concerning issues that arise with respect to the disclosure or discovery of electronically stored information, and to use their best efforts to produce electronically stored information in the format preferred by the requesting party.

### d. Privilege Issues (FRCP 26(f)(3)(D))

In accordance with Federal Rule 26(f)(3)(D), the parties have discussed privilege and protection issues. They are negotiating a Stipulated Protective Order, which the parties anticipate filing with the Court in the next few weeks.

Pursuant to FRCP 26(b)(5), the parties are requiring a privilege log for any information that is withheld on the basis of privilege, with the exception of any correspondence solely between

counsel of record and their respective clients after the date of the filing of this lawsuit. For any other claim of privilege, claim of confidentiality or other basis for withholding the information, a privilege log is required.

### e. Limitations of Discovery (**FRCP 26(f)(3)(E)**)

The parties do not currently anticipate exceeding discovery limitations set by the Federal Rules of Civil Procedure and the Local Rules, and adopt the default limitations imposed by them. The parties reserve the right to seek leave of Court to exceed these discovery limitations if necessary.

### f. Other Discovery & Scheduling Orders (FRCP 26(f)(3)(F))

In accordance with Federal Rule 26(f)(3)(F), the parties have discussed the need for other discovery or scheduling orders under Rule 26(c), 16(b), and 16(c). The parties do not currently request any other orders, though they may seek additional orders as discovery proceeds and if the need arises.

### g. Timeframe for Discovery

The parties agree that non-expert fact discovery will be completed by April 29, 2025, and that expert discovery will be completed by September 29, 2025.

### h. Expert Disclosures and Reports

The parties agree that expert disclosures and initial expert reports be served by May 30, 2025, that rebuttal expert reports be served by July 30, 2025, and that expert discovery be completed by September 29, 2025.

### i. Discovery Plan and Proposed Filing Dates

The parties request and propose the following litigation schedule:

| Event | Parties' Proposal |
|---|---|
| **Initial Disclosures** | **To be set by the Court** |

| Open of Non-Expert Discovery | To be set by the Court |
|---|---|
| Amendment of Pleadings/ Joinder of Parties | 60 days after MTD decision |
| Close of Non-Expert Discovery | April 29, 2025 |
| Expert Disclosures and Expert Reports | May 30, 2025 |
| Disclosure of Rebuttal Expert Reports | July 30, 2025 |
| Close of Expert Discovery | September 29, 2025 |
| Filing of Dispositive Motions (including *Daubert* motions) | October 28, 2025 |
| Filing of Responses to Dispositive Motions | December 02, 2025 |
| Joint ADR Report | To be set by the Court |
| Final Pre-Trial Conference | To be set by the Court |
| Trial | To be set by the Court |

### III. Settlement

The parties have not discussed settlement and do not intend to until after the Court's order on the Defendants' pending Motions to Dismiss. The parties have also not discussed whether alternative dispute resolution will be helpful to the resolution of this case and recommend the following: Alternative dispute resolution may be possible before or after completion of fact discovery.

Dated: June 27, 2024

Respectfully submitted,

/s/ Julian Clark
Julian Clark
American Civil Liberties Union Foundation, Inc.
125 Broad Street, 17th Floor
New York, NY 10004-2400
jclark@aclu.org
(929) 969-4365

*Attorney for Plaintiffs*

/s/ Karen O'Kasey
Karen O'Kasey
Hart Wagner LLP
1000 SW Broadway, 20th Floor
Portland, OR 97205

*Attorney for Co-Defendant*
*Washington County*

/s/ Iván Resendiz Gutierrez
Iván Resendiz Gutierrez
Miller Nash LLP
1140 SW Washington St, Ste 700
Portland, OR 97205

*Attorney for Co-Defendant*
*Washington County Consolidated*
*Communications Agency*