**Karen O'Kasey,** OSB No. 870696
E-mail: kok@hartwagner.com
**Ruth A. Casby**, OSB No. 944225
E-mail: rac@hartwgner.com
**Zachariah H. Allen**, OSB No. 122729
E-mail: zah@hartwagner.com
**HART WAGNER LLP**
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

  Of Attorneys for Defendant Washington County

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DISABILITY RIGHTS OREGON, on behalf of its clients and constituents, and JOSHUA WESLEY,<br><br>  Plaintiffs,<br><br>  v.<br><br>WASHINGTON COUNTY, a political subdivision of the State of Oregon; and the WASHINGTON COUNTY CONSOLIDATED COMMUNICATIONS AGENCY, an intergovernmental entity in the State of Oregon,<br><br>  Defendants. | No. 3:24-cv-00235-SB<br><br>**DEFENDANT WASHINGTON COUNTY'S OBJECTIONS TO FINDINGS AND RECOMMENDATION** |

## INTRODUCTION

Defendants Washington County and Washington County Consolidated Communications Agency ("the Agency") separately moved to dismiss Plaintiffs' Complaint for declaratory and injunctive relief under Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"). On August 30, 2024, Honorable

Page 1 - DEFENDANT WASHINGTON COUNTY'S OBJECTIONS TO FINDINGS AND RECOMMENDATION

HART WAGNER LLP
1000 S.W. Broadway,
Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

Magistrate Judge Stacie F. Beckerman issued Findings and Recommendation ("F&R") denying Defendants' motions. (ECF No. 40).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), Defendant Washington County respectfully objects to the Findings and Recommendations and requests that the Court grant the motion to dismiss.

## OVERVIEW OF OBJECTIONS

Plaintiffs allege Defendants' 911 emergency response communications system ("emergency response program") discriminates against individuals experiencing "mental health" emergencies by dispatching police services instead of mental health professionals as default first responders. It is not disputed that the purpose of the emergency response program is to provide consistent access to police, fire, and emergency medical services through the emergency communications system when an emergency call is made to 911. (F&R at 39). It is not disputed that the emergency medical services are dispatched through AMR, "the County's ambulance service provider" that "dispatches paramedics and EMTs as first responders." (Compl., ¶238).

Plaintiffs claim unlawful discrimination under the ADA and Rehabilitation Act (the "Acts") based on the theory that 911 calls reporting "mental health" and "medical" emergencies are equivalent or comparable emergencies and the difference in the services dispatched is solely because of a disability. The F&R erroneously adopts this flawed premise, misapplying the correct standards for evaluating a Rule 12(b)(6) motion by accepting mere conclusions and disregarding many of the Complaint's factual allegations. This error led to the incorrect finding that Plaintiffs sufficiently allege discrimination based on the denial of meaningful access to emergency medical services. (F&R at 40). However, that claim is not alleged. There are no factual allegations stating that disabled individuals are denied equal access to the program's

Page 2 - DEFENDANT WASHINGTON COUNTY'S OBJECTIONS TO FINDINGS AND RECOMMENDATION

HART WAGNER LLP
1000 S.W. Broadway,
Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

emergency medical services.

Instead, Plaintiffs assert that because the dispatch of police services is ineffective and sometimes detrimental for individuals experiencing a mental health crisis, they are denied meaningful access to first responders who are "qualified mental health professionals capable of providing on-site psychiatric assessment, stabilization, and treatment to individuals" (Compl., ¶¶239, 241, 253, 255)—a service the emergency response program does not provide in *any* emergency.

As specifically demonstrated below, and contrary to the Magistrate Judge's conclusion, Plaintiffs' factual allegations do not demonstrate entitlement to relief under the Acts. Defendant Washington County requests this Court decline to adopt the F&R and grant dismissal of this action pursuant to FRCP 12(b)(6).

Alternatively, Defendant requests this Court decline to adopt the F&R denial of Defendant's motion to strike pursuant to FRCP 12(e). The Magistrate Judge denied Defendant's motions to strike vague allegations only. (F&R at 72-23). The Magistrate Judge did not address Defendant's other motions to strike, and the F&R relies on allegations against which Defendant moved to strike.

## LEGAL STANDARD

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the District Court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988).

Title II of the ADA and Section 504 of the Rehabilitation Act ("the Acts") "both prohibit discrimination on the basis of disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir.

Page 3 - DEFENDANT WASHINGTON COUNTY'S OBJECTIONS TO FINDINGS AND RECOMMENDATION

HART WAGNER LLP
1000 S.W. Broadway,
Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

2002). To survive a motion to dismiss, the alleged facts must show that: (1) plaintiff is an individual with a disability; (2) who was otherwise qualified to participate or receive the benefit of a public entity's services, programs or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of a public service, program, or activity or was otherwise discriminated against; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. *Sheehan v. City & Cnty. of S.F.*, 743 F.3d 1211, 1232 (9th Cir. 2014). The pleaded facts must plausibly suggest that disability is the "but-for" cause of discrimination. *Murray v. Mayo Clinic*, 934 F.3d 1101, 1105 (9th Cir. 2019).

Defendant Washington County's motion to dismiss does not dispute that Plaintiffs Wesley and DRO's represented constituents are individuals with disabilities who are qualified to participate in the emergency response program and receive 911 emergency dispatch services. Defendant requests dismissal because Plaintiffs do not allege actionable discrimination because of their disability.

**ARGUMENT**

**I.     The F&R Misapplied Motion to Dismiss Standards.**

The Magistrate Judge erred by failing to apply proper Rule 12(b)(6) standards to evaluate the Complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (the court must distinguish between well-pled factual allegations and "conclusions [that] are not entitled to the assumption of truth" and "determine whether they plausibly give rise to an entitlement of relief"); *see also Scheibe v. Livwell Prod., LLC*, 2023 WL 4414580, at *5 (S.D. Cal. July 7, 2023) ("Courts are obliged to read the complaint as a whole rather than isolating allegations and taking them out of context.") (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007)).

Page 4 - DEFENDANT WASHINGTON COUNTY'S OBJECTIONS TO FINDINGS AND RECOMMENDATION

HART WAGNER LLP
1000 S.W. Broadway,
Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

To survive dismissal, Plaintiffs' factual allegations must show a "plausible basis" of unequal access to the benefits of the emergency response program based on their disability. *See Does 1—5 v. Chandler*, 83 F.3d 1150, 1153 (9th Cir. 1996) (correctly identifying the purpose of the program is necessary to evaluate whether factual allegations plausibly state a denial of "meaningful access" claim).  After correctly identifying the purpose of the 911 emergency response program as consistent access to police, fire, and emergency medical services (F&R at 39), the Court's analysis went astray in concluding that "the relevant service at issue here is the provision of consistent access to emergency medical service." (*Id.* at 40).  The factual allegations do not allege any denial of the emergency medical services.

The Complaint does not allege that disabled individuals are denied access to the program's emergency medical services or that emergency medical services are not provided in mental health emergencies.  While the Complaint contrasts the emergency medical services dispatched for "physical health" emergencies (*see* Compl. ¶99 (AMR responds "to physical medical emergencies" and "the Agency routes physical emergency calls to AMR"); ¶100 ("AMR EMTs and paramedics" "respond to physical health emergencies"), Plaintiffs do not allege a discriminatory denial of *that* service.

Instead, Plaintiffs allege they are denied "meaningful access" to the emergency response program because police services are dispatched as default first responders rather than emergency qualified mental health services.  (*See* Compl., ¶2 (dispatching "law enforcement officers"), ¶11 ("send an armed police response") ¶16 (dispatches "armed officers"), ¶28 ("knowingly dispatching law enforcement officers" rather than "the services of qualified mental health professionals"); ¶42 (the "appropriate" "default response to mental health crises" is not "law enforcement" but "mental health professionals to be primary responders to calls"); ¶58

Page 5 - DEFENDANT WASHINGTON COUNTY'S OBJECTIONS TO FINDINGS AND RECOMMENDATION

HART WAGNER LLP
1000 S.W. Broadway,
Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

(dispatching "law enforcement" rather than "qualified mental health professionals" deprives access to necessary care); ¶59 ("Law enforcement are not qualified mental health professionals"); ¶ 76 ("deputies" respond "instead of qualified mental health professionals); ¶107 ("dispatching law enforcement officers in response to mental health crises—before mental health professionals" is discriminatory); ¶134 (sending "deputies as primary responders" that "are not qualified mental health professionals"); ¶¶239-40 and ¶¶253-54 ("law enforcement" is dispatched "as primary responders" who "are not qualified mental health professionals" resulting in discrimination by reason of a mental health disability).  These allegations are not mere requests for a remedy, they assert Plaintiffs' theory of discrimination.

The Magistrate Judge disregarded these factual allegations, finding they merely request a remedy and declining to consider them at the motion to dismiss stage.  (F&R at 56-57).  Contrary to these findings, the allegations must be evaluated to determine whether Plaintiffs have alleged a prima facie case that provides a "plausible basis" for relief under the Acts.  *See Weisbuch v. City of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (stating that a plaintiff pleads himself out of court if he pleads facts which establish he cannot prevail on his claim).  By avoiding the necessary plausibility analysis, the Magistrate Judge erred.  Plaintiffs challenge the denial of a service the program does not provide.

**II.    The Magistrate Judge Erroneously Accepted the Conclusion that "Mental Health" Emergencies are "Medical" Emergencies.**

Most fundamentally, the Magistrate Judge erred by adopting Plaintiffs' premise that differences in dispatched services for "physical health" emergencies and "mental health" emergencies support actionable disability discrimination.  The F&R accepts the conclusory allegation that "mental crises demand a mental health response—not a law enforcement response—because they are, at base, health emergencies." (F&R at 9, citing Compl., ¶¶50-51;

Page 6 - DEFENDANT WASHINGTON COUNTY'S OBJECTIONS TO FINDINGS AND RECOMMENDATION

HART WAGNER LLP
1000 S.W. Broadway,
Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

*see also* Compl., ¶3 ("The discrepancy between these two emergency responses" is "evidence of systemic discrimination")).

This conclusion rests on an assumption that 911 calls reporting "physical health" emergencies and "mental health" emergencies present the need for equivalent emergency services, making the differences in the dispatched responses unlawful discrimination.  (*See* Compl., ¶¶98-99 ("Because Defendants do not dispatch MCT in response to mental health crises calls, they do not provide direct, immediate, and equal access to effective emergency response for individuals with mental health disabilities."); *see also Id.* ("In contrast, AMR is contractually obligated to respond to physical medical emergencies . . . the Agency routes physical emergency calls to AMR.")).  However, the inherent difference in the emergencies informs the nature of the dispatched response; it is not plausibly a manifestation of *discrimination*.

The plausibility analysis must begin with an understanding of the emergency response system as alleged.  The Agency Call Manual[1] creates several options for dispatchers to code and send out emergency services: fire, medical (AMR), and police, and the services dispatched are determined by the information received from the 911 caller.  (Compl., ¶¶83, 86, 87, 99-100, 110, 120).  The individuals calling 911 are often not the disabled person in crisis, as Plaintiffs' allegations demonstrate (Compl., ¶169), and callers do not simply communicate that an isolated "mental health" emergency is occurring.  Rather, the calls report information of danger to self or others or property, again as reflected by Plaintiffs' allegations (Compl., ¶¶143, 148, 169-74, 193), that make law enforcement response appropriate and necessary.

---

[1] The Magistrate Judge took judicial notice of the Agency's Call Taking Manual that is appropriate to consider at this stage since it is incorporated by reference into the Complaint. (F&R at 3-4).

Page 7 - DEFENDANT WASHINGTON COUNTY'S OBJECTIONS TO FINDINGS AND RECOMMENDATION

HART WAGNER LLP
1000 S.W. Broadway,
Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

The Complaint's allegations illustrate the reason for dispatching several services in response to a caller's description of the emergency as including inherent personal and public safety concerns. (Compl., ¶¶169-218). For example, when a call taker received calls from multiple people reporting "that a woman was walking in traffic and throwing unknown items near passing cars" (*id,* ¶169), this emergency presented a public safety issue and a potential crime. Under an appropriate plausibility analysis, this "mental health" emergency depicts a situation that reasonably dispatched police services, in addition to paramedics who took the woman to the hospital. (*Id*. ¶182). Contrary to Plaintiffs' allegations, a call concerning a "physical health" emergency that describes a public safety issue, or a crime would also dispatch police as part of the package of services provided.[2] These allegations do not plausibly amount to a *denial* of services or a disparate impact based on disability.

Ultimately, Plaintiffs challenge the state's legislative policy recognizing police among those who are qualified to address circumstances where a person may be experiencing a mental health crisis and present as "a danger to self or others." ORS 426.228[3]; (*see* Compl., ¶¶71-72, 74-76, n. 30); (F&R at 11, n. 5). In the Complaint's alleged examples of "mental health"

---

[2] The Complaint contains numerous conclusory allegations that contradict the safety concerns presented in the alleged exemplary emergencies, which the Court apparently accepted as true, otherwise providing a police response would not allege discriminatory treatment. (*See* Compl., ¶43 (alleging that 911 calls "often involve no allegations of criminal conduct, violence, use or possession of a weapon, or threat or harm to others"); ¶52 (if mental health emergencies "involve a risk of danger to anyone at all, it is to the person in crisis alone")).

[3] OR. REV. STAT. § 426.228(1) provides:

> "A peace officer may take into custody a person who the officer has probable cause to believe is dangerous to self or any other person and is in need of immediate care, custody or treatment for mental illness. As directed by the community mental health program director, a peace officer shall remove a person taken into custody under this section to the nearest hospital or nonhospital facility approved by the Oregon Health Authority."

Page 8 - DEFENDANT WASHINGTON COUNTY'S OBJECTIONS TO FINDINGS AND RECOMMENDATION

HART WAGNER LLP
1000 S.W. Broadway,
Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

emergencies a report was made to the Agency describing an emergency and requesting a response because an individual appeared to present a danger to themselves or others. (Compl., ¶¶139-141, 144, 148, 169, 193, 202). Pursuant to Oregon law, Washington County sheriff deputies are authorized to respond to these circumstances and, per state policy, exercise their judgment to handle the emergency under the precepts of ORS 426.288's statutory guidance. Plaintiffs challenge that legislative policy.

The *Greene v. City of New York* case is instructive on the issue of the plausibility analysis and identifying the inherent distinction between 911 calls reporting "mental health" and "medical" emergencies. *Greene* dismissed a challenge to NYPD's dispatch system under the ADA and Rehabilitation Act that related solely to whether police services provided adequate medical treatment for their disability, "[which] is not cognizable under the ADA." *Greene v. City of New York*, --- F.Supp.3d --- (S.D. N.Y. 2024), 21-CV-05762 (PAC), 2024 WL 1308434.

Like here, plaintiffs alleged that the City's response to mental health emergencies was "inadequate because it is carried out by police and not mental health workers." *Id.* at *15. The *Greene* plaintiffs also relied on a Department of Justice report explaining that "'[a] person in medical need receives a response from trained Emergency Services,' while a mentally disabled person gets 'an armed police officer with often inaccurate and ineffective training in behavioral health.'" *Id.* This was not persuasive to the court because of the "level of generality" in which it treats mental and medical health calls as "equivalent emergency services."

Importantly, based on New York state law that individuals with mental disabilities who pose a substantial risk of danger to self and others require a police response, the court found that the plaintiffs' challenge was to a separate type of emergency and a separate service. Given this,

Page 9 - DEFENDANT WASHINGTON COUNTY'S OBJECTIONS TO FINDINGS AND RECOMMENDATION

HART WAGNER LLP
1000 S.W. Broadway,
Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

the court ruled that plaintiffs failed to allege a denial of access to a benefit or service and could not state a discrimination claim. *Id.*

As in *Greene*, Plaintiffs here do not, because they cannot, state a cognizable claim for relief under the Acts challenging the programs response to mental-health-related 911 calls dispatching police rather than mental health workers. (Compl., ¶¶219-221, 224, 230). The Oregon legislature has similarly authorized a police emergency response when "those with mental disabilities who pose a substantial risk of danger to themselves, or others require a discrete emergency service." *Greene*, at *16. The 911 emergency response system is an integrated package of services. The Acts do not mandate the 911 program to dispatch only mental health services.

### III. The Magistrate Judge Erred in Concluding Plaintiffs Sufficiently Alleged a Denial of "Meaningful Access" Claim.

To plead an actionable claim of disability discrimination under the Acts requires factual allegations that plausibly demonstrate a denial of meaningful access to a benefit or service provided by the program. *Alexander v. Choate*, 469 U.S. 287, 303 (1985); *Kirola v. City and Cnty. of San Francisco*, 860 F.3d 1164, 1183 (9th Cir. 2017) ("meaningful access" standard requires evaluating a program in its entirety for accessibility); *see id* at 1182 (challenges to programmatic access must be judged by the standard of "meaningful access to a program in its entirety"). Public entities may not directly or through contractual, licensing, or other arrangements deny a qualified individual the opportunity or benefit of a program on the basis of disability. 28 CFR §35.130(b)(1); 28 CFR §41.51(b)(1).

While the Acts require public entities to provide disabled persons meaningful access to their programs and services, "meaningful access" is not a guarantee that recipients will receive services "precisely tailored to [their] particular needs." *Choate*, 469 U.S. at 303 (explaining that

Page 10 - DEFENDANT WASHINGTON COUNTY'S OBJECTIONS TO FINDINGS AND RECOMMENDATION

HART WAGNER LLP
1000 S.W. Broadway,
Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

while the "general aim" of the Medicaid Program is to "assur[e] that individuals receive necessary medical care," "meaningful access" to "the benefit provided" remains access to "individual services offered—not 'adequate health care'").

The Magistrate Judge erroneously concluded that Plaintiffs have alleged they "do not have equal opportunity to gain the benefits of consistent access to emergency medical service for all health emergencies." (F&R at 52).

A.     The Magistrate Judge erred when defining the relevant service at issue.

Correctly identifying the purpose of the program to determine whether there is a "plausible basis" to support allegations of unequal access to the benefits in violation of the Acts is necessary to state a claim. *See Does 1—5 v.* Chandler, 83 F.3d 1150, 1153 (9th Cir. 1996). The F&R correctly held that Oregon Administrative Rule 104-080-0000 provides the purpose of Oregon's 911 program, which is a dispatch of three emergency services through the 911 communication system. (F&R at 39). However, without analysis, the Magistrate Judge concluded that "because the parties appear to agree that Plaintiffs do not allege that they receive inconsistent access to police or fire services through the emergency communications system (although Plaintiffs suggest that police are dispatched with too much frequency) . . . the Court construes the relevant service at issue here is the provision of consistent access to emergency medical service through the emergency communications system." (F&R at 40; *see also id.* at 51-53, 55, 60, 65, 66). However, Plaintiffs do not allege they are denied the benefits of the program's emergency medical services.

The Magistrate Judge erred by stating that Plaintiffs merely "suggest" that police are dispatched with too much frequency, when the entire basis of Plaintiffs' claim—as even the F&R

Page 11 - DEFENDANT WASHINGTON COUNTY'S OBJECTIONS TO FINDINGS AND RECOMMENDATION

HART WAGNER LLP
1000 S.W. Broadway,
Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

earlier recognizes—is that they receive a "discriminatory emergency response" of "unequal . . . police response" "because of . . . mental health disabilities." (F&R at 14).

By incorrectly framing the service so narrowly, the Magistrate Judge failed to consider the entirety of Plaintiffs' complaint. Plaintiffs do not allege the denial of the program's benefit of emergency medical services that dispatch an ambulance with EMTs and paramedics. (*Compare* F&R at 60, erroneously finding the "gravamen" of Plaintiffs' claim is "that they receive discriminatory services" because "instead of EMTs, paramedics or licensed mental health professionals" police are dispatched and "do not provide *any* medical care"). Plaintiffs' allegations also demonstrate that AMR is often co-dispatched, as was acknowledged by the Court and Plaintiffs' counsel during oral argument. (Compl., ¶¶160, 182, 199).

Additionally, by incorrectly accepting Plaintiffs' construct that "mental health" emergencies are "health" emergencies that require "emergency medical services", the Magistrate Judge erred in concluding that Plaintiffs have adequately alleged a denial of meaningful access to emergency medical services. (*See* F&R at 51-52, concluding "Plaintiffs have adequately alleged that they do not have equal opportunity to gain the benefits of consistent access to emergency medical service *for all health emergencies*") (emphasis added). Again, that conclusion ignores the fact that Plaintiffs do not allege a discriminatory dispatch of emergency medical services, they allege a discriminatory dispatch of law enforcement as first responders (with medical services as co-responders) and not qualified mental health professionals as default responders. (*See* Compl. ¶¶160, 182, 199, 218-221(alleging a co-response by medical emergency services)).

Defendants do not argue the emergency response program provides a separate single service. (F&R at 31). Rather the program provides an integrated package of three emergency services dispatched through the 911 communication system, which means the package of

Page 12 - DEFENDANT WASHINGTON COUNTY'S OBJECTIONS TO FINDINGS AND RECOMMENDATION

HART WAGNER LLP
1000 S.W. Broadway,
Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

services are dispatched based on the safety concerns presented by the 911 caller. The Magistrate Judge erred by limiting the service at issue as consistent access to "emergency medical services" when the response may necessarily require fire, medical, and/or police depending on the information received from the caller.

      **B.    The Magistrate Judge erred because "meaningful access" does not require a new or preferred service be provided.**

The above-described errors were compounded because Plaintiffs allege the denial of meaningful access to an emergency medical service that does not exist, and which does not state actionable discrimination. *See Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581, 603 n.14 (1999) (government entities are not required to create new programs to help individuals with disabilities); *see accord Townsend v. Quasim*, 328 F.3d 511, 518 (9th Cir. 2003) (public entities are "not required to create new programs that provide heretofore unprovided services to assist disabled persons."); *Olson v. Allen*, No. 3:18-cv-001208-SB, 2019 WL 1232834, *4 (D. Or. Mar. 15, 2019) (the ADA does not "mandate the provision of new benefits").

The Acts do not require a defendant to provide services in the manner preferred by the disabled individual. *Bird v. Lewis and Clark Coll.*, 303 F.3d 1015, 1019 (9th Cir. 2002); *Cohen v. City of Culver City*, 754 F.3d 690, 694-95 (9th Cir. 2014) (finding that disabled individuals are not guaranteed "equal results" from services provided). A challenge to the quality of the service provided is not actionable discrimination. *Lane v. Kitzhaber*, 841 F. Supp. 2d 1199, 1207 (D. Or. 2012) (noting a Title II claim "survives only if it truly alleges a 'discriminatory denial of services' and must be dismissed if it instead concerns the 'adequacy' of the services provided") (quoting *Buchanan v. Maine*, 469 F.3d 158, 174-75 (1st Cir. 2006)).

Plaintiffs challenge the quality of the service provided, claiming police services are inadequate and even detrimental, and the best response for their individual needs in a "mental

Page 13 - DEFENDANT WASHINGTON COUNTY'S OBJECTIONS TO FINDINGS AND RECOMMENDATION

HART WAGNER LLP
1000 S.W. Broadway,
Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

health" emergency is the dispatch of qualified mental health services *as the first and sole response*. The Magistrate Judge improperly accepted Plaintiffs' conclusory allegation that framed their denial of meaningful access claim as follows: "in order to receive any emergency medical services in response to a mental health crisis, they must first be screened by law enforcement, who use their lay judgment to decide whether treatment is necessary." (F&R at 50, citing Compl., ¶¶76, 95). However, as explained previously, specialized mental health services are not provided by the program to anyone, and Oregon law provides for the exercise of law enforcement judgment to address concerns describing a danger to self or others. *See* ORS 426.228(1). That is not unlawful discrimination prohibited by the Acts.

The Magistrate Judge relied on *Smith v. City of Oakland,* 612 F. Supp. 3d 951, 963 (N.D. Cal. 2020), to determine that "defendants have chosen to provide a service to all residents of Washington County that, in practice, is allegedly denied to mentally disabled residents. Plaintiffs do not seek a new service but instead seek meaningful access to Defendants' existing service." F&R at 54-55. In *Smith*, plaintiffs were denied access to a currently existing rent-control service for pre-1983 housing that was available to non-disabled residents but not available to mobility disabled individuals. *Smith* is inapposite because, here, there is no current provision for on-site treatment of mental health emergencies by qualified mental health professionals as first responders. The benefit of that service is not provided to anyone, regardless of disability.

The Magistrate Judge also relied on *Allah v. Goord* and *Munson v. California* to conclude that defendants have an obligation to provide their service in a manner that disabled individuals can derive equal benefit. (F&R at 51-52). In *Allah*, plaintiff, a wheelchair-bound individual, plausibly stated a claim under the ADA because he was denied "benefits of the service" when

Page 14 - DEFENDANT WASHINGTON COUNTY'S OBJECTIONS TO FINDINGS AND RECOMMENDATION

HART WAGNER LLP
1000 S.W. Broadway,
Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

"he is at risk of incurring serious injuries" because defendants' prison transport vehicle was not equipped to transport plaintiff's wheelchair and as a result he could not receive outside medical attention without injury during transport. 405 F. Supp. 2d 265, 280 (S.D. N.Y. 2005). Similarly in *Munson*, plaintiff's disability discrimination claims survived a summary judgment motion because it was defendant's obligation to offer a transport service "in such a way that he could derive equal benefit from it as persons who do not suffer from plaintiff's disability." No. 2:09-cv-0478 JAM EFB, 2012 WL 3260453, at *6 (E.D. Cal. Aug. 8, 2012).

Those failure to accommodate cases presenting claims for the denial of access to an existing service are materially different from Plaintiffs' claims that are based on an alleged inadequacy of the services provided. Inherent to Plaintiffs' challenge is a disconnect between the nature of "mental health" emergencies and the package of services provided by Defendants, which is dependent upon the circumstances reported by a 911 caller. The Acts do not require Defendant to offer selection of the best iteration of service or in the manner preferred by plaintiffs.

### C. The Magistrate Judge erred by disregarding "fundamental alteration" arguments as premature.

Meaningful access to services does not require a public entity to fundamentally alter existing programs and services administered pursuant to policies that do not facially discriminate against the disabled, nor are public entities required to create new programs to provide previously unprovided services to assist disabled persons. *See Choate*, 469 U.S. at 303 (holding that the state was not required to extend Medicaid benefits "simply to meet the reality that the handicapped have greater medical needs"); 28 C.F.R. § 35.130(b)(7); *Rodriguez v. City of New York*, 197 F.3d 611, 618 (2nd Cir. 1999) ("[t]he ADA requires only that a particular service

Page 15 - DEFENDANT WASHINGTON COUNTY'S OBJECTIONS TO FINDINGS AND RECOMMENDATION

HART WAGNER LLP
1000 S.W. Broadway,
Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

provided to some not be denied to disabled people . . . New York cannot have unlawfully discriminated against appellees by denying a benefit that it provides to no one.").

The Magistrate Judge declined to consider that Plaintiffs' "injunctive relief requested would fundamentally alter the existing program or that adding mental health clinicians would require creation of a new service" finding the argument failed at the motion to dismiss stage. (F&R 40 at 55). Defendant's motion to dismiss does not dispute the remedy requested. Rather, Defendants dispute Plaintiffs' flawed prima facie discrimination claim that is based on a view of the program that fundamentally alters the purpose of providing consistent access to a package of police, fire, and emergency medical services.

Plaintiffs claim they are denied meaningful access to the program because they do not receive the benefit of qualified mental health professionals as first responders. That is a new service not included in the substantive scope of the program, and the Court erred by finding otherwise.[4]

## IV. The Magistrate Judge Erred in Concluding that Plaintiffs Sufficiently Allege But-For Causation.

The Magistrate Judge correctly determined the Acts require Plaintiffs to allege and prove the denial of "equal access" to the emergency response program is "solely" by reason of disability—meaning that "but for" a mental health disability, for mental-health related 911 calls

---

[4] Defendant objects to the finding that MHRT and MCT are "existing services" that support a disability discrimination claim under the Acts. (F&R at 56). The program's services are an integrated package of police, fire, and emergency medical services. That Washington County is developing a resource available to assist with the delivery of stabilizing services for a particular need does not make MHRT and MCT a benefit or service that is part of the essential purpose of the program. Stated differently, while the development and the effectiveness of MHRT and MCT may amount to best practice for some emergencies, it is does not support a disability discrimination claim because the emergency response program does not include direct dispatch of on-site specialty mental health care in its package of services.

Page 16 - DEFENDANT WASHINGTON COUNTY'S OBJECTIONS TO FINDINGS AND RECOMMENDATION

HART WAGNER LLP
1000 S.W. Broadway,
Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

the program would dispatch "emergency medical services" of qualified mental health professionals as first responders. (F&R at 23; *see also id* at 62-63 (concluding that "but-for" causation applies)). However, the Magistrate Judge erroneously concluded the Complaint sufficiently alleges plausible "but for" causation. (F&R at 65). Specifically, the Magistrate Judge found Plaintiffs "alleged that but for a disability, people suffering from a mental health crisis would receive meaningful access to the benefit provided and that they were denied meaningful access to a benefit solely by reason of disability". (*Id.*).

This erroneous conclusion rests on the previously discussed errors, including (1) adopting Plaintiffs' construct that a response to a 911-call describing a "mental health" emergency is a "health" emergency requiring a medical emergency service, (2) finding that dispatching police services rather than qualified mental professionals as first responders is a denial of "meaningful access" to the benefit of the program, and (3) disregarding the inherent differences in the safety concerns presented by the different types of emergencies.

Contrary to Plaintiffs' *factual* allegations that demonstrate the nature, safety concerns, and circumstances of a mental-health-related emergency are meaningfully different from a typical physical health emergency, the Magistrate Judge accepted Plaintiffs pleaded *conclusions* to find: "Plaintiffs allege facts suggesting that the kinds of emergencies are not different, but that the differential treatment is instead due to disability." (F&R at 64, citing Compl., ¶¶42-43, 50, 53-55, 113-16 (for the proposition that allegations "suggest[] that mental health crises are health emergencies and generally do not involve criminal conduct, violence, use or possession of a weapon, or threats, but that the categorization of people with mental health disabilities as violent and in need of a police response alone arises from stigma and stereotypes")). Most of those paragraphs are the subject of Defendant's motion to strike because they are conclusory

Page 17 - DEFENDANT WASHINGTON COUNTY'S OBJECTIONS TO FINDINGS AND RECOMMENDATION

HART WAGNER LLP
1000 S.W. Broadway,
Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

allegations that contain immaterial commentary and unauthenticated hearsay that do not pertain to the discrimination claims at issue. The Magistrate Judge's ruling does not address those motions. (F&R at 72-73).

To properly allege but-for causation, Plaintiffs' *factual* allegations must show that the dispatch of police services instead of qualified mental health services as first responders to "mental health" emergencies is solely because the individual needing emergency help is or is perceived to be mentally disabled. For all the reasons stated herein, including the demonstrated appropriateness of a police response based on the information reported by the 911 caller and Oregon's legislative policy recognizing police among those who are qualified to address circumstances where a person may present as a danger to self or others, Plaintiffs' complaint does not plausibly allege that "but-for" an individual's mental disability, the emergency response program would dispatch qualified mental health professionals as first responders instead of police for all "mental health" emergencies. Accordingly, the Magistrate Judge erroneously concluded Plaintiffs sufficiently allege "but-for" causation.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss should be granted.

DATED this 4th day of October, 2024.

                              HART WAGNER LLP

                              By: */s/ Karen O'Kasey*
                                    Karen O'Kasey, OSB No. 870696
                                    Ruth A. Casby, OSB No. 944225
                                    Zachariah H. Allen, OSB No. 122729
                                    Of Attorneys for Defendant Washington County

Page 18 - DEFENDANT WASHINGTON COUNTY'S OBJECTIONS TO FINDINGS AND RECOMMENDATION

HART WAGNER LLP
1000 S.W. Broadway,
Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of October, 2024, I served the foregoing **DEFENDANT WASHINGTON COUNTY'S OBJECTIONS TO FINDINGS AND RECOMMENDATION** on the following parties at the following addresses:

Dave Boyer
Meghan E. Apshaga
Disability Rights Oregon
511 SW 10th Ave., Suite 200
Portland, OR 97205-2748

Kelly Simon
American Civil Liberties Union
Foundation of Oregon, Inc.
PO Box 40585
Portland, OR 97240-585

Daniel L. Brown
Laura L. Chapman
Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza
New York, NY 10112-0015
   *Attorneys for Plaintiff*

Heather Van Meter
Ivan Resendiz
Miller Nash LLP
500 E Broadway Ste 400
Vancouver WA  98660
   *Attorneys for Co-Defendant*

by electronic means through the Court's Case Management/Electronic Case File system.

　　　　　　　　　　　　　　　　　　 */s/ Karen O'Kasey*
　　　　　　　　　　　　　　　　　　　Karen O'Kasey

Page 1 – CERTIFICATE OF SERVICE

**HART WAGNER LLP
1000 S.W. Broadway,
Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301**