David Boyer, OSB # 235450
Meghan E. Apshaga, OSB #232137
Disability Rights Oregon
511 SW 10th Ave., Suite 200
Portland, OR 97205-2748
dboyer@droregon.org
mapshaga@droregon.org
(503) 243-2081 ext. 301

Julian Clark
Jenn Rolnick Borchetta
American Civil Liberties Union
Foundation, Inc.
125 Broad Street, 17th Floor
New York, NY 10004-2400
jclark@aclu.org
jborchetta@aclu.org
(929) 969-4365

Brian Dimmick
Westley Resendes
American Civil Liberties Union
Foundation, Inc.
915 15th Street NW
Washington, DC 20005-2302
bdimmick@aclu.org
wresendes@aclu.org
(202) 638-2210

Wilson Baker
American Civil Liberties Union
Foundation, Inc.
425 California Street
San Francisco, CA 94104-2102
wbaker@aclu.org
(415) 570-8011

Kelly Simon, OSB #154213
American Civil Liberties Union
Foundation of Oregon, Inc.
PO Box 40585
Portland, OR 97240-0585
ksimon@aclu-or.org
(503) 227-3186

Daniel L. Brown
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
30 Rockefeller Plaza
New York, NY 10112-0015
dbrown@sheppardmullin.com
Telephone: (212) 634-3095

Laura L. Chapman
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
350 S. Grand Avenue, 40th Floor
Los Angeles, CA 90071
lchapman@sheppardmullin.com
Telephone: (213) 617-4125

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **DISABILITY RIGHTS OREGON**, on behalf of its clients and constituents,<br><br>    Plaintiff,<br><br>    v.<br><br>**WASHINGTON COUNTY**, a political subdivision of the State of Oregon; and the **WASHINGTON COUNTY CONSOLIDATED COMMUNICATIONS AGENCY**, an intergovernmental entity in the State of Oregon,<br><br>    Defendants. | Case No.  3:24-cv-00235-SB<br><br>**PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER (UNOPPOSED)** |

Plaintiff in the above-captioned matter (the "Action") submits this motion (the "Motion") to respectfully request that the Court modify the operative Scheduling Order (ECF No. 37) to set deadlines for initial disclosures and the commencement of fact discovery of April 25, 2025, as well as extend the existing deadlines therein by eight (8) months pursuant to Fed. R. Civ. P. 16(b)(4) and Local Rule 16-3.  The parties have met and conferred in compliance with Local Rule 7-1 and Defendants consent to this Motion.

Plaintiff brought this Action on February 5, 2024, asserting claims of discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12131, and the Rehabilitation Act, 29 U.S.C. § 794.  ECF No. 1.  Defendants each filed a Motion to Dismiss in April 2024, which Plaintiff opposed in May 2024, and Defendants replied to in June 2024.  ECF Nos. 21, 25, 28, 32, 33. On June 27, 2024, Plaintiff filed the parties' Rule 26(f) Joint Report and Proposed Discovery Plan. ECF No.

36. And on July 1, 2024, the Court issued the operative Scheduling Order, which stated that "the Court will set the deadline for initial disclosures and the commencement of fact discovery after a discussion with counsel at the scheduled oral argument on the pending motions to dismiss" and imposed certain deadlines, including a fact discovery cut off of April 29, 2025.  ECF No. 37.

The Court held oral argument on Defendants' Motions to Dismiss on August 29, 2024, and issued its Findings and Recommendation the next day, recommending the denial of the Motions to Dismiss.  ECF No. 40.  Thereafter, Plaintiff filed a notice of supplemental authority in September (ECF No. 43) and Defendants filed objections to the Findings and Recommendation in October (ECF Nos. 46, 47).  On March 27, 2025, the District Court adopted the Findings and Recommendation and denied the Motions to Dismiss.  ECF No. 52.  In the weeks since then, the parties have begun preparing written discovery requests and anticipate beginning fact discovery in the short term.  However, since the issuance of the Scheduling Order, the Court has not yet set deadlines for initial disclosures or the commencement of fact discovery.

Local Rule 16-3 provides that "objections to any court-imposed deadline must be raised by motion" and (1) "[s]how good cause why the deadlines should be modified," (2) "[s]how effective prior use of time,"  3) "[r]ecommend a new date for the deadline in question," and (4) "[s]how the impact of the proposed extension on other existing deadlines." L.R. 16-3(a).  Federal Rule of Civil Procedure 16(b)(4) similarly requires "good cause"  to modify a case schedule.  Pursuant to these rules, a district Court "may modify the pretrial schedule" if the schedule "'cannot reasonably be met despite the diligence of the party seeking the extension.'"  *Trevari Media LLC v. Cantu*, No. 6:23-CV-01879-MTK, 2025 WL 895376, at *7 (D. Or. Mar. 24, 2025).  The "primary factor" in in this analysis is "whether the party seeking amendment was diligent in pursuing the amendment." *Leinbach v. Sawyer & Sons Constr. LLC*, No. 3:20-CV-00378-AC, 2020 WL 5638627, at *1 (D.

Or. Sept. 1, 2020), *report and recommendation adopted*, 2020 WL 5637398 (D. Or. Sept. 21, 2020).

Plaintiff moves to modify the Scheduling Order to set deadlines for initial disclosures and the commencement of fact discovery as well as to extend the existing deadlines by approximately eight (8) months, which corresponds to the amount of time between the issuance of the Scheduling Order on July 1, 2024, and the Court's denial of the Motions to Dismiss on March 27, 2025. Specifically, Plaintiff recommends the following deadlines, to which Defendants consent:

| Event | Current Deadline | Proposed Revised Deadline |
|---|---|---|
| Initial Disclosures | N/A | April 25, 2025 |
| Open of Fact Discovery | N/A | April 25, 2025 |
| Deadline for Amendment of Pleadings/ Joinder of Parties | 60 days after decision on Motion to Dismiss | 60 days after decision on Motion to Dismiss |
| Close of Fact Discovery | April 29, 2025 | January 2, 2026 |
| Deadline for Joint Alternate Dispute Resolution Report | April 29, 2025 | January 2, 2026 |
| Deadline for Expert Disclosures and Initial Expert Reports | May 30, 2025 | January 30, 2026 |
| Deadline for Rebuttal Expert Reports | July 30, 2025 | March 30, 2026 |
| Close of Expert Discovery | September 29, 2025 | May 29, 2026 |
| Deadline for Dispositive Motions and *Daubert* motions | October 28, 2025 | June 28, 2026 |
| Deadline for Responses to Dispositive Motions | December 02, 2025 | August 2, 2026 |
| Final Pre-Trial Conference | To be set by the Court | To be set by the Court |
| Trial | To be set by the Court | To be set by the Court |

Such modification is appropriate under Local Rule 16-3 and Fed. R. Civ. P. 16(b)(4) because the parties made "effective prior use of time" and there is "good cause" for the modification—or, in other words, because the parties have acted "diligent[ly]" at all times. *See*

*Leinbach*, 2020 WL 5638627 at *1. Specifically, as discussed above, the parties expeditiously litigated this case after its initiation in February 2024 by engaging in motion practice from April 2024 through October 2024 on two Motions to Dismiss, including by submitting motion papers and participating in oral argument ahead of the Court's Findings and Recommendation and submitting supplemental authority and objections thereafter.

Pursuant to the Court's Scheduling Order, which anticipated that the Court would set a date for "initial disclosures and the commencement of fact discovery," the parties did not initiate discovery pending the Motions to Dismiss. ECF No. 37; *see Pinnacle Great Plains Operating Co., LLC v. Wynn Dewsnup Revocable Tr.*, No. 4:13-CV-00106-EJL-CW, 2015 WL 759003, at *3 (D. Idaho Feb. 23, 2015) (finding diligence under Rule 16 where "deadline expired before . . . parties engaged in any discovery, because [parties] agreed to not pursue discovery . . . until the Court resolved [Defendant's] motion to dismiss."). Since the Court denied the Motions to Dismiss approximately four weeks ago (on March 27, 2025), the parties have diligently begun preparing written discovery, met and conferred on the case schedule, and now seek modification of the schedule. *See, e.g.*, *Portland Eng'g, Inc. v. ATG Pharma Inc.*, No. 3:19-CV-02010-AC, 2020 WL 5437731, at *5 (D. Or. Sept. 10, 2020) ("[A] party generally demonstrates diligence by moving to amend within weeks of learning new information."). The parties agree that the current schedule does not provide adequate time to complete discovery, including because the current deadline for fact discovery is next Tuesday, April 29, 2025, which "cannot reasonably be met despite the diligence of the part[ies]." *See Trevari*, 2025 WL 895376, at *7.

Based on the foregoing, Plaintiff respectfully submits that modification of the Scheduling Order is warranted. Plaintiff accordingly requests, with Defendants' consent, that the Court modify the schedule as requested herein to set deadlines for initial disclosures and the

commencement of fact discovery and to extend the existing deadlines Scheduling Order by eight (8) months.

Dated: April 23, 2025                          Respectfully submitted,

/s/ Julian Clark___
Julian Clark
Jenn Rolnick Borchetta
American Civil Liberties Union
Foundation, Inc.
125 Broad Street, 17th Floor
New York, NY 10004-2400
jclark@aclu.org
jborchetta@aclu.org
(929) 969-4365

David Boyer, OSB # 235450
Meghan E. Apshaga, OSB #232137
Disability Rights Oregon
511 SW 10th Ave., Suite 200
Portland, OR 97205-2748
dboyer@droregon.org
mapshaga@droregon.org
(503) 243-2081 ext. 301

Brian Dimmick
Westley Resendes
American Civil Liberties Union
Foundation, Inc.
915 15th Street NW
Washington, DC 20005-2302
bdimmick@aclu.org
wresendes@aclu.org
(202) 638-2210

Wilson Baker
American Civil Liberties Union
Foundation, Inc.
425 California Street
San Francisco, CA 94104-2102
wbaker@aclu.org
(415) 570-8011

Kelly Simon, OSB #154213
American Civil Liberties Union

Foundation of Oregon, Inc.
PO Box 40585
Portland, OR 97240-0585
ksimon@aclu-or.org
(503) 227-3186

Daniel L. Brown
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
30 Rockefeller Plaza
New York, NY 10112-0015
dbrown@sheppardmullin.com
Telephone: (212) 634-3095

Laura L. Chapman
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
350 S. Grand Avenue, 40th Floor
Los Angeles, CA 90071
lchapman@sheppardmullin.com
Telephone: (213) 617-4125

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2025, I served the foregoing Plaintiff's Unopposed Motion to Modify Scheduling Order on the parties below by electronic means through the Court's Case Management/Electronic Case File system.

/s/ Julian Clark
Julian Clark

Heather Van Meter
Liani Reeves
Ivan Resendiz
Miller Nash LLP
500 E Broadway Ste 400
Vancouver WA 98660

*Attorneys for Co-Defendant WCCCA*

Karen O'Kasey
Ruth A. Casby
Zachariah H. Allen
Hart Wagner LLP
1000 SW Broadway, 20th Floor
Portland, OR 97205

*Attorneys for Co-Defendant Washington County*