David Boyer, OSB # 235450
Meghan E. Apshaga, OSB #232137
Disability Rights Oregon
511 SW 10th Ave., Suite 200
Portland, OR 97205-2748
dboyer@droregon.org
mapshaga@droregon.org
(503) 243-2081 ext. 301

Julian Clark
Jenn Rolnick Borchetta
American Civil Liberties Union
Foundation, Inc.
125 Broad Street, 17th Floor
New York, NY 10004-2400
jclark@aclu.org
jborchetta@aclu.org
(929) 969-4365

Brian Dimmick
Westley Resendes
American Civil Liberties Union
Foundation, Inc.
915 15th Street NW
Washington, DC 20005-2302
bdimmick@aclu.org
wresendes@aclu.org
(202) 638-2210

Kelly Simon, OSB #154213
American Civil Liberties Union
Foundation of Oregon, Inc.
PO Box 40585
Portland, OR 97240-0585
ksimon@aclu-or.org
(503) 227-3186

Daniel L. Brown
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
30 Rockefeller Plaza
New York, NY 10112-0015
dbrown@sheppardmullin.com
Telephone: (212) 634-3095

Laura L. Chapman
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
350 S. Grand Avenue, 40th Floor
Los Angeles, CA 90071
lchapman@sheppardmullin.com
Telephone: (213) 617-4125

*Attorneys for Plaintiff*

Karen O'Kasey
Ruth A. Casby
Zachariah H. Allen
Hart Wagner LLP
1000 SW Broadway, 20th Floor
Portland, OR 97205

*Attorneys for Co-Defendant Washington County*

Heather Van Meter
Iván Resendiz Gutierrez
Miller Nash LLP
1140 SW Washington St, Ste 700
Portland, OR 97205

*Attorneys for Co-Defendant Washington County Consolidated Communications Agency*

1 - Joint Motion to Modify Scheduling Order

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **DISABILITY RIGHTS OREGON**, on behalf of its clients and constituents,<br><br>      Plaintiff,<br><br>      v.<br><br>**WASHINGTON COUNTY**, a political subdivision of the State of Oregon; and the **WASHINGTON COUNTY CONSOLIDATED COMMUNICATIONS AGENCY**, an intergovernmental entity in the State of Oregon,<br><br>      Defendants. | Case No.  3:24-cv-00235-SB<br><br>**JOINT MOTION TO MODIFY SCHEDULING ORDER** |

The parties in the above-captioned matter jointly submit this motion to respectfully request that the Court modify the operative Scheduling Order (ECF No. 60) to extend the current fact discovery deadlines in this case by six (6) months and the expert discovery deadlines in this case by seven (7) months pursuant to Fed. R. Civ. P. 16(b)(4) and Local Rule 16-3.

This is the second extension of discovery and pretrial deadlines sought in this matter. The first extension (ECF No. 57) was sought by Plaintiff, for good cause, after the commencement of discovery was continued for approximately seven (7) months while the parties awaited the District Court's March 27, 2025 decision (ECF No. 52) on Defendants' objections  (ECF Nos. 46, 47) to this Court's Findings and Recommendation (ECF No. 40) on Defendants' motions to dismiss (ECF Nos. 21, 25).

Since this Court issued the current Scheduling Order (ECF No. 60) on April 24, 2025, Plaintiff has diligently pursued discovery, including by propounding requests for production of documents from both Defendants, litigating and resolving multiple discovery disputes, and serving third party subpoenas. Defendants have diligently engaged in discovery, including responding to Plaintiff's discovery requests and resolving discovery disputes. However, despite these efforts, the parties require more time to complete discovery.

Local Rule 16-3 provides that "objections to any court-imposed deadline must be raised by motion" and (1) "[s]how good cause why the deadlines should be modified," (2) "[s]how effective prior use of time,"  (3) "[r]ecommend a new date for the deadline in question," and (4) "[s]how the impact of the proposed extension on other existing deadlines." L.R. 16-3(a).  Federal Rule of Civil Procedure 16(b)(4) similarly requires "good cause"  to modify a case schedule.  Pursuant to these rules, a District Court "may modify the pretrial schedule" if the schedule "'cannot reasonably be met despite the diligence of the party seeking the extension.'" *Trevari Media LLC v. Cantu*, No. 6:23-CV-01879-MTK, 2025 WL 895376, at *7 (D. Or. Mar. 24, 2025).  The "primary factor" in in this analysis is "whether the party seeking amendment was diligent in pursuing the amendment." *Leinbach v. Sawyer & Sons Constr. LLC*, No. 3:20-CV-00378-AC, 2020 WL 5638627, at *1 (D. Or. Sept. 1, 2020), *report and recommendation adopted*, 2020 WL 5637398 (D. Or. Sept. 21, 2020).

Pursuant to Local Rule 16.3, the parties respectfully move this Court for an Order extending the discovery and subsequent pretrial deadlines set forth in the current Scheduling Order (ECF No. 60). Specifically, the parties request the following deadlines:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Close of Fact Discovery | January 2, 2026 | July 2, 2026 |
| Deadline for Joint Alternate Dispute Resolution Report | January 2, 2026 | July 2, 2026 |
| Deadline for Expert Disclosures and Initial Expert Reports | January 30, 2026 | August 30, 2026 |
| Deadline for Rebuttal Expert Reports | March 30, 2026 | October 30, 2026 |
| Close of Expert Discovery | May 29, 2026 | December 29, 2026 |
| Deadline for Dispositive Motions and *Daubert* motions | June 29, 2026 | January 29, 2027 |
| Deadline for Responses to Dispositive Motions | August 3, 2026 | March 3, 2027 |

Such modification is appropriate under Local Rule 16-3 and Fed. R. Civ. P. 16(b)(4) because the parties have made "effective prior use of time" and there is "good cause" for the modification—or, in other words, because the parties have acted "diligent[ly]" at all times. *See Leinbach*, 2020 WL 5638627 at *1. Specifically, as discussed above, the parties have diligently pursued and engaged in discovery. The parties agree that the current schedule does not provide adequate time to complete discovery, including because the current schedule requires fact discovery to be completed within the next four weeks, which "cannot reasonably be met despite the diligence of the part[ies]." *See Trevari*, 2025 WL 895376, at *7.

Based on the foregoing, the parties respectfully submit that modification of the Scheduling Order is warranted. Accordingly, the parties request that the Court modify the schedule as requested herein.

| | |
|---|---|
| Dated: December 4, 2025 | Respectfully submitted, |
| /s/ Karen O'Kasey<br>Karen O'Kasey<br>Hart Wagner LLP<br>1000 SW Broadway, 20th Floor<br>Portland, OR 97205<br><br>*Attorney for Co-Defendant*<br>*Washington County* | /s/ Julian Clark<br>Julian Clark<br>American Civil Liberties Union Foundation, Inc.<br>125 Broad Street, 17th Floor<br>New York, NY 10004-2400<br>jclark@aclu.org<br>(929) 969-4365<br><br>*Attorney for Plaintiff* |
| /s/ Iván Resendiz Gutierrez<br>Iván Resendiz Gutierrez<br>Miller Nash LLP<br>1140 SW Washington St, Ste 700<br>Portland, OR 97205<br><br>*Attorney for Co-Defendant*<br>*Washington County Consolidated*<br>*Communications Agency* | |