**JOHN DILORENZO, JR**. OSB #802040
johndilorenzo@dwt.com
**CHRISTOPHER E. BYER**, OSB #245786
chrisbyer@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
560 SW 10th Avenue, Suite 700
Portland, Oregon  97205
Telephone:  (503) 241-2300
Facsimile:  (503) 778-5299

*Attorneys for subpoenaed non-party*
*American Medical Response Northwest, Inc.*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **DISABILITY RIGHTS OREGON**, on behalf of its clients and constituents,<br><br>       Plaintiff,<br><br>       v.<br><br>**WASHINGTON COUNTY**, a political subdivision of the State of Oregon; and the **WASHINGTON COUNTY CONSOLIDATED COMMUNICATIONS AGENCY**, an intergovernmental entity in the State of Oregon,<br><br>       Defendants. | Case No. 3:24-cv-00235-SB<br><br>**NON-PARTY AMERICAN MEDICAL RESPONSE NORTHWEST, INC.'S MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** |

**LOCAL RULE 7–1 CERTIFICATION**

Counsel for non-party American Medical Response Northwest, Inc. ("AMR") certifies that they conferred with counsel for Plaintiff Disability Rights Oregon regarding the subpoena it issued to AMR, dated February 12, 2026 (the "Subpoena"). The parties discussed the relevance and scope of the documents requested but were unable to reach agreements, necessitating this Motion.

Page 1 – AMERICAN MEDICAL RESPONSE NORTHWEST, INC.'S MOTION TO QUASH SUBPOENA

## I.    INTRODUCTION

Non-party AMR respectfully moves this Court for an order quashing Plaintiff's Subpoena pursuant to Federal Rule of Civil Procedure 45(d)(3).

The Subpoena seeks two categories of documents from AMR: (1) all documents identifying all AMR personnel employed in Washington County with an active Oregon EMS provider license; and (2) all training materials used to train AMR personnel regarding responding to individuals experiencing a mental health emergency. The Subpoena broadly defines "documents" and seeks materials dating back to January 1, 2021.

Critically, AMR is __*not*__ a party to this litigation. The case concerns Plaintiff's challenge to alleged policies of Washington County ("the County") and the Washington County Consolidated Communications Agency ("the Agency") regarding dispatching law enforcement officers to mental-health-related emergency calls. AMR is a private ambulance service provider that responds when dispatched through the County's emergency response system.

The Subpoena violates multiple limitations imposed by Rules 26 and 45 and should be quashed on five independently sufficient grounds. *First*, the requested materials are largely irrelevant to the claims and defenses in this case, which focus on dispatch policies implemented by the County and the Agency—not on AMR's personnel rosters or internal training practices. *Second*, the Subpoena is generally unduly burdensome, and particularly so when considering that AMR is non-party. *Third*, the requests are overly broad and disproportionate to the needs of the case. *Fourth*, the documents Plaintiff seeks are obtainable from more appropriate sources, including the Defendants themselves. *Fifth*, Plaintiff seeks confidential and proprietary business information without showing how these proprietary materials are essential—or even relevant—to its claims.

Rule 45 requires courts to protect non-parties from precisely this type of expansive discovery request. Because the Subpoena exceeds the permissible bounds of discovery and imposes substantial burdens on a non-party, the Court should quash it in its entirety.

Page 2 – AMERICAN MEDICAL RESPONSE NORTHWEST, INC.'S MOTION TO QUASH SUBPOENA

## II.    BACKGROUND

Plaintiff filed this action against the County and the Agency alleging violations of Title II of the Americans with Disability Act and Section 504 of the Rehabilitation Act. The Complaint challenges the County's alleged practice of dispatching law enforcement officers as primary responders to mental health emergency calls.

AMR is not a party to this litigation. It is a private provider of emergency medical services that responds to dispatch requests routed through the County's emergency response system. McDonald Decl. ¶ 2. AMR does not control how emergency calls are categorized, prioritized, or dispatched. *Id.* ¶ 3. Those functions are performed by the Agency. *Id.*

On February 12, 2026, Plaintiff served the Subpoena on AMR commanding production of documents.[1] The Subpoena demanded that AMR produce:

1.    All documents sufficient to identify all AMR personnel employed in Washington County with an active Oregon EMS Provider License; and

2.    All documents used to train AMR personnel regarding responding to, interacting with, or transporting individuals experiencing a mental health emergency.

*Id.* ¶ 9, Ex. 1 (Subpoena), at pp. 8-9. The Subpoena defines "documents" broadly and seeks production of materials dating back to January 1, 2021, *id.* at pp. 1, 5, and compliance with Plaintiff's demands would require AMR—a non-party—to collect and review potentially large volumes of personnel and training materials unrelated to the claims in this case.

## III.    ARGUMENT

### a.  Legal Standard

Federal Rule of Civil Procedure 45 requires courts to protect non-parties from improper discovery. The Rule mandates that courts quash or modify subpoenas that impose undue burdens

---

[1] Plaintiff has provided AMR an extension of time to respond to the subpoena up until today.

Page 3 – AMERICAN MEDICAL RESPONSE NORTHWEST, INC.'S MOTION TO QUASH SUBPOENA

and authorizes courts to quash subpoenas seeking confidential commercial information. Fed. R. Civ. P. 45(d)(3)(A)-(B).

Courts evaluate Rule 45 subpoenas using the same relevance and proportionality standards that govern party discovery under Rule 26. *See* Fed. R. Civ. P. 26(b)(1), 45(d)(1); *see also Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994) (applying Rule 26 and Rule 45 standards when considering motion to quash); *Doe v. Tchrs. Council, Inc.*, 3:23-CV-01747-AN, 2025 WL 1782227, at *1 (D. Or. June 27, 2025) ("The scope of discovery for non-party subpoenas is identical to that permitted under FRCP 26."); *Woodall v. Walt Disney Co.*, 2023 WL 8042734, at *1 (C.D. Cal. Oct. 10, 2023) (quashing subpoenas to third-party entities as overly broad and disproportionate, finding the limitations set forth in Rule 26(b)(2)(C) apply to discovery served on non-parties by subpoena).

Under Federal Rule of Civil Procedure 26, discovery is limited to non-privileged matters that are "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 45 incorporates those same limitations, requiring a party to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). If a party fails to comply with its obligation and subjects a person to an unduly burdensome subpoena, the court must quash it. Fed. R. Civ. P. 45(d)(3)(A)(iv).

The court has discretion to determine whether subjecting a non-party to a subpoena would pose an undue burden. *Exxon Shipping*, 34 F.3d at 779; *Pegatron Tech. Services, Inc. v. Zurich Am. Ins. Co.*, 37 F.Supp.3d 1197, 1203 (D. Or. Apr. 29, 2019) ("courts give special consideration to the burdens imposed on nonparties"). Courts within the Ninth Circuit consistently emphasize that discovery directed to non-parties warrants heightened scrutiny. *See*, *e.g.*, *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) (applying Ninth Circuit authority and noting that courts give special weight to the burden on non-parties); *Venegas v.*

Page 4 – AMERICAN MEDICAL RESPONSE NORTHWEST, INC.'S MOTION TO QUASH SUBPOENA

*Southwest Airlines Company*, 2007 WL 9776384, at \*1 (W.D. Wash. Sept. 18, 2007) ("Courts have been directed [to] keep the distinction between a party and a nonparty in mind when determining the propriety of a nonparty's refusal to comply with a subpoena by balancing 'the relevant of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena.'" (citing *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006)).

### b. The Subpoena Seeks Information that is Not Relevant to the Claims or Defenses in This Litigation.

Courts routinely quash subpoenas seeking irrelevant information. *See Goolsby v. Raney*, 483 F. App'x 326, 329 (9th Cir. 2012) ("It was within the district court's broad discretion over discovery to grant [the] motion to quash discovery" because the materials sought "were properly deemed not 'relevant' for the purposes of Federal Rule of Civil Procedure 26(b)(1)…."); *Bokenofhr v. Gladen*, No. 3:17-cv-01870-BR, 2018 WL 3364659, at \*3 (D. Or. July 10, 2018) ("a subpoena seeking irrelevant information may be quashed as unduly burdensome"). "Although the party moving to quash a subpoena bears the burden of persuasion, the party issuing the subpoena must sufficiently demonstrate the relevance of the information sought." *Canning v. Washington Cnty.*, No. 3:23-CV-00210-AN, 2024 WL 4381122, at \*1 (D. Or. Oct. 2, 2024) (citations omitted).

The central issue in this case is whether the County and the Agency discriminate against individuals with mental health disabilities by dispatching law enforcement officers as primary responders to mental health emergencies. Compl. ¶ 1. However, AMR does *not* determine dispatch policies, decide which calls are categorized as mental-health-related incidents, or control which agencies are dispatched to those calls. McDonald Decl. ¶ 3. Those decisions are made by the defendant governmental entities. *Id.* Nevertheless, the Subpoena seeks all documents identifying all licensed EMS personnel employed by AMR in Washington County and all AMR training materials regarding responses to mental health emergencies.

These topics bear no relation to the claims Plaintiff asserts in its Complaint. The litigation challenges the dispatch decisions of the County and the Agency, not the internal staffing structure or training practices of a private ambulance company. AMR's internal training materials do not determine how the County categorizes or dispatches emergency calls. Likewise, the identities or licensing status of AMR personnel have no bearing on whether the County unlawfully dispatches police officers as primary responders to mental health crises.

Plaintiff does not contend that AMR personnel are unqualified. In fact, the only references to AMR in the Complaint are at Paragraphs 98-102 and 248, which admit that licensed EMTs and paramedics receive specialized training enabling them to competently respond to physical medical emergencies. AMR's list of personnel and training materials have absolutely no bearing on Plaintiff's contention that the County discriminates against those who Plaintiff represents when it deploys police to mental health-related emergencies.

Because the requested materials do not tend to prove or disprove any element of Plaintiff's claims, the Subpoena seeks information outside the permissible scope of discovery. The Subpoena can—and should—be quashed for this reason alone. 9A Fed. Prac. & Proc. Civ. § 2459 (3d ed.) ("a subpoena may be quashed if it calls for clearly irrelevant matter").

### c.  The Subpoena Imposes an Undue Burden on a Non-Party.

Rule 45 requires a court to quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). Courts consider several factors when evaluating undue burden, including: the relevance of the requested information, the need for the documents, the breadth of the request, the time period covered, and the burden imposed on the subpoenaed party. *Moon*, 232 F.R.D. at 637. Courts apply these factors with particular sensitivity when discovery targets a non-party. *See Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980) ("While discovery is a valuable right and should not be unnecessarily restricted, the

Page 6 – AMERICAN MEDICAL RESPONSE NORTHWEST, INC.'S MOTION TO QUASH SUBPOENA

'necessary' restriction may be broader when a non-party is the target of discovery.") (internal citation omitted).

In this case, the Subpoena imposes significant burdens on AMR. *First*, the Subpoena seeks all documents containing identification information for all licensed personnel working for AMR with licensure levels of Emergency Medical Responder, Emergency Medical Technician, Advanced Emergency Medical Technician, Emergency Medical Technician—Intermediate, or Paramedic in Washington County. Ex. 1, at p. 8. Gathering this information would require AMR to compile personnel and licensure records across more than 200 employees. McDonald Decl. ¶ 4.

*Second*, the request for "all documents used to train" AMR personnel regarding mental health emergencies is extraordinarily broad. AMR's training programs include multiple modules, materials, and formats—including digital training systems, policy manuals, training curricula, and other instructional resources. McDonald Decl. ¶ 5.

*Third*, the subpoena demands documents dating back to January 1, 2021, without any explanation as to why such an expansive time period is necessary.

Rule 45 was specifically designed to protect non-parties from precisely this kind of expansive discovery demand. Locating, reviewing, and producing all responsive materials spanning five years would require substantial time and expense. When these burdens are weighed against the limited relevance of the requested information—particularly given that AMR is not a party—the subpoena imposes a disproportionate burden. Because the subpoena imposes significant burdens on a non-party while seeking minimally relevant information, it must be quashed under Rule 45(d)(3)(A)(iv).

#### d. The Subpoena Is Overly Broad and Disproportionate to the Needs of the Case.

Rule 26(b)(1) limits discovery to information that is proportional to the needs of the case, considering the importance of the issues at stake, the parties' relative access to relevant information, the burden or expense of the proposed discovery, and whether the burden outweighs the likely benefit. *See Andrade-Tafolla v. United States*, 2022 WL 807658, at *7 (D. Or. Mar. 17, 2022). Courts applying Rule 26 in the context of Rule 45 subpoenas regularly quash or modify requests that are overly broad, vague, or disproportionate, particularly when directed to a non-party. *Exxon Shipping*, 34 F.3d at 779.

The Subpoena's breadth is driven not only by the two requests themselves, but also by the expansive definitions and instructions that govern them. Taken together, these provisions sweep far beyond any reasonable discovery tied to the claims in this litigation.

For example, the Subpoena requests "*All* Documents" identifying AMR personnel or concerning training related to a "Mental Health Emergency." Ex. 1, at pp. 8-9 (emphasis added). The Subpoena defines "Documents" using the broad formulation of Rule 34 while simultaneously expanding that definition to include virtually every conceivable form of recorded information, including correspondence, memoranda, notes, emails, spreadsheets, computer files, audio recordings, and video recordings. *Id.* at pp. 1-2. When coupled with the definitions such as "Identify"—which by itself requires the provision of the "natural person's name, title(s), any aliases, Oregon EMS Provider License Number, Registry Number (National Registry of Emergency Medical Technicians), if applicable, and licensure levels," *id.* at p. 2—or "Mental Health Emergency"—which definition includes not only actual emergencies involving mental health crises but also situations that are merely "perceived" to involve a mental health disability or situations that a dispatcher or other personnel designate as "mental health related," *id.* at p. 3—the Subpoena captures an enormous universe of potential materials. Such sweeping

definitions effectively require AMR to search for and evaluate any record that could arguably touch upon its employees or the subject of mental health emergencies.

The Subpoena also requires AMR to produce responsive materials dating back to January 1, 2021, without any attempt to tailor the temporal scope to the issues in dispute. *Id.* at p. 5. This multi-year period significantly increases the volume of potentially responsive materials, particularly given that training materials are regularly updated, revised, and supplemented as part of ongoing EMS continuing education requirements.

AMR does not maintain all of its personnel and training records in a manner that would allow the information requested in the Subpoena to be readily compiled or produced without significant manual review and collection efforts. McDonald Decl. ¶ 7. Gathering the requested material would require locating, reviewing, and assembling information from multiple internal systems and sources, and would impose a significant burden on AMR's operations. *Id.*

When these expansive definitions, instructions, and requests are considered together, the subpoena seeks a substantial volume of material from a non-party whose internal training practices are irrelevant to the claims asserted in this litigation. The likely burden and expense of locating, reviewing, and producing such materials far outweigh any marginal relevance they might have to the issues in dispute.

### e. The Requested Information Is Obtainable from More Appropriate Sources.

Courts are reluctant to impose burdens on non-parties where the requesting party can obtain the same information from parties to the litigation. *See Van Wagner v. Peters*, No. 3:21-CV-01234-AA, 2025 WL 2630663, at *1 (D. Or. Sept. 12, 2025) (citation omitted) (noting that Courts "give special consideration to the burdens imposed on nonparties," and "are particularly reluctant to require a nonparty to provide discovery that can be produced by a party." Plaintiff has not shown that it does not already possess the information and did not or cannot get the same documents from the County, a party to the dispute. *Genus Lifesciences Inc. v. Lannett Co., Inc.*,

Page 9 – AMERICAN MEDICAL RESPONSE NORTHWEST, INC.'S MOTION TO QUASH SUBPOENA

2019 WL 7313047, at \*4 (N.D. Cal. Dec. 30, 2019) ("Because of Genus's failure to attempt to obtain the requested documents from Lannett prior to seeking them from Singer, its subpoena is an undue burden on Singer.").

The central issues in this litigation concern how the County categorizes mental health emergency calls and how the Agency dispatches responders. The Defendants themselves possess the most relevant information regarding those topics. Indeed, the Complaint relies heavily on dispatch policies, call coding practices, and response protocols maintained by the County and the Agency. To the extent Plaintiff seeks information about how emergency medical services respond to calls once dispatched, that information is more appropriately obtained from the defendant governmental entities responsible for the emergency response system.

Furthermore, AMR provides the County a monthly list of its EMS personnel operating in Washington County, including licensure information. McDonald Decl. ¶ 8. To the extent Plaintiff seeks documents concerning the identities and licensure of AMR employees, it should have first requested such documents from Defendants. Allowing expansive discovery against a non-party before exhausting discovery from the parties themselves contradicts the proportionality principles embodied in Rule 26. *See Genus Lifesciences,* 2019 WL 7313047, at \*4.

### f.    The Subpoena Seeks Confidential and Proprietary Commercial Information.

Rule 45(d)(3)(B)(i) authorizes courts to quash or modify subpoenas that require disclosure of "a trade secret or other confidential research, development, or commercial information." *See Dart*, 649 F.2d 646, 649 (there are "strong considerations indicating that discovery would be more limited to protect [non-]parties from harassment, inconvenience, or disclosure of confidential documents.").

AMR's internal training programs and materials reflect its internal protocols, educational methods, and operational guidance, and constitute proprietary operational resources developed

DAVIS WRIGHT TREMAINE LLP
560 SW Tenth Avenue, Suite 700
Portland, Oregon 97205
(503) 241-2300 main · (503) 778-5299 fax

for training EMS personnel. McDonald Decl. ¶ 6. It does not publicly disseminate these materials, and disclosure to third parties—including advocacy organizations and potential competitors—poses a risk of competitive harm. *Id*. Plaintiff has made no showing that these proprietary materials are essential to its claims, nor has Plaintiff demonstrated that its need for the information outweighs the confidentiality interests of a non-party.

### IV.    CONCLUSION

For the foregoing reasons, the Court should grant AMR's Motion and quash the Subpoena in its entirety pursuant to Federal Rule of Civil Procedure 45(d)(3).

DATED this 3rd day of April, 2026.

**DAVIS WRIGHT TREMAINE LLP**

By  *s/ John DiLorenzo, Jr.*
John DiLorenzo, Jr. OSB #802040
johndilorenzo@dwt.com
Christopher E. Byer, OSB #245786
chrisbyer@dwt.com
Telephone:  503.241.2300
Facsimile:  503.778.5299

*Attorneys for subpoenaed non-party*
*American Medical Response Northwest, Inc.*